STATE EMPLOYMENT RELATIONS BOARD, APPELLANT, *v.* CITY OF SPRINGFIELD, APPELLEE.

(No. CA 2197 — Decided December 2, 1986.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Joseph M. Oser,* for appellant.

*Jerome M. Strozdas,* for appellee.

WILSON, J. The city of Springfield and the Springfield Command Officers Association ("SCOA") entered into a twenty-one-page collective bargaining agreement for the calendar year 1984.

On October 12, 1984, SCOA filed an unfair labor practice charge with the State Employment Relations Board (the "board" or "SERB").

The board found that there was probable cause to believe that the city had violated R.C. 4117.11(A)(1) and (5). This section provides in part:

"(A) It is an unfair labor practice for a public employer, its agents, or representatives to:

"(1) Interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in Chapter 4117. of the Revised Code or an employee organization in the selection of its representative for the purposes of collective bargaining or the adjustment of grievances;

"* * *

"(5) Refuse to bargain collectively with the representative of his employees recognized as the exclusive representative or certified pursuant to Chapter 4117. of the Revised Code[.]"

The charge was heard on January 11, 1985 before a SERB hearing officer. The principal issue before the officer was whether the city had engaged in an unfair labor practice by having insisted upon the utilization of the 1984 contractual impasse resolution procedure, rather than the statutory dispute settlement procedures provided for in R.C. 4117.14.

Article XIX of the 1984 agreement between the city and SCOA provides in part: "Impasse[s] resulting from negotiations on new or modified agreement items are subject to City Ordinance 181.09" The use of the ordinance procedure is also required by Article XXII, "Termination."

Section 181.09 of the Codified Ordinances of the city of Springfield pro-

vides for the appointment of three arbitrators in the usual manner. It further provides:

"The arbitration panel shall conduct a hearing into the issues presented to it pursuant to this section and shall, upon completion of said hearing, forward its findings to the City Manager and the group or organization with whom collective bargaining has been carried on and, upon review by both parties, shall be forwarded to the City Commission with a new certificate of understanding if the parties agree or without such a certificate if they do not agree, *after which the City Commission will take final action. Such final action may include the adoption of such panel's recommendations, the rejection of such panel's recommendations or modification of same.*" (Emphasis added.)

The procedures contained in R.C. 4117.14 govern the settlement of the disputes in this case.

R.C. 4117.14 provides in part:

"(C) In the event the parties are unable to reach an agreement, they may submit, at any time prior to forty-five days before the expiration date of the collective bargaining agreement, the issues in dispute to any mutually agreed upon dispute settlement procedure which supersedes the procedures contained in this section.

"(1) The procedures may include:
"* * *

"(f) Any other dispute settlement procedure mutually agreed to by the parties."

R.C. 4117.14(E) also provides in part:

"Nothing in this section shall be construed to prohibit the parties, at any time, from voluntarily agreeing to submit any or all of the issues in dispute to any other alternative dispute settlement procedure.* * *"

On April 24, 1985, the hearing officer found that the procedures of Ordinance 181.09 meet the requirement of finality for superseding alternative impasse procedures. However, the hearing officer also found that the ordinance arbitration process was implemented by force and was therefore not a "voluntary agreement."

The hearing officer's conclusions of law included a finding that no mutually agreed dispute resolution procedure was established by the parties which would supersede R.C. 4117.14 procedures. The officer also concluded that the unfair labor practices had occurred as alleged.

The officer recommended that the board adopt his findings and conclusions and order the city to stop its unfair labor practices. The officer also recommended that the board order the city to post a notice to employees for sixty days stating that the city will cease and desist engaging in the unfair labor practices and that the city will engage in mediation and fact-finding pursuant to R.C. 4117.14.

The city and SCOA entered into a collective bargaining agreement after the hearing officer's proposed order was filed with the board. The city then moved to dismiss the proceeding before the board.

On June 3, 1985, the board issued its order overruling the city's motion to dismiss and requiring the city to post the following notice to its employees:

"After a hearing in which all parties had an opportunity to present evidence, the State Employment Relations Board has determined that we, the City of Springfield, have violated the law in the course of collective bargaining negotiations with the Springfield Command Officers Association. The State Employment Relations Board has ordered us to post this Notice.

"The City of Springfield has been found to have been in violation of the Ohio Collective Bargaining Act by:

"1. Interfering with and restraining employees in the exercise of their rights guaranteed by the Act, and

"2. Refusing to bargain collectively with the Springfield Command Officers Association by insisting upon adherence to an alternate dispute resolution procedure to *which the parties did not mutually agree and that did not provide the finality necessar[ily]* imposed by a neutral." (Emphasis added.)

The city filed a notice of appeal from the board's order with the Court of Common Pleas of Clark County which reversed the board in a decision and judgment entry filed January 31, 1986.

The board has appealed from the final order of the common pleas court. There is one assignment of error:

"The lower court erred in finding that Article XXII of the 1982 Collective Bargaining Agreement entered into between the city of Springfield and the Springfield Command Officers Association is an alternative dispute settlement procedure which supersedes the procedures contained in Section 4117.14 of the Ohio Revised Code."

The trial court found that the language of the Collective Bargaining Act for 1984 "is plain and is not ambiguous so as to call for extraneous evidence. The court further finds that there is no reliable, probative, substantial evidence in the record before the referee which would justify a finding that the parties to the agreement in question did not agree upon Article XXII of the agreement while agreeing on all of the other twenty-one articles of the agreement."

The court further found that, as a matter of law, the parties in their 1984 contract agreed to the dispute resolution provisions of Ordinance 181.09 "which is an alternative dispute settlement procedure which supersedes the provisions contained in Section 4117.14."

We agree with the common pleas court. We affirm.

*Judgment affirmed.*

BROGAN, P.J., and WOLFF, J., concur.